UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DRAFT TOP, LLC,<br><br>                                    *Plaintiff,*<br><br>v.<br><br>THE PARTNERSHIPS and<br>UNINCORPORATED ASSOCIATIONS<br>IDENTIFIED ON SCHEDULE "A",<br><br>                                    *Defendants*. | **CASE NO.** 21-cv-03792<br><br>**Judge:** Matthew Kennelly<br><br>**Magistrate Judge:** Sheila M. Finnegan |

**DEFENDANTS CNZKAS, VCGDAA("Defendants")**
**OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Defendants cnzkas and vcgdaa ("Defendants"), by and through their counsel, file this Opposition to Plaintiff's Motion for Preliminary Injunction.

## Introduction

On July 15, 2021, Plaintiff filed its Complaint against multiple individuals and entities owned and operated domain names and online storefronts which utilized numerous e-commerce accounts. Plaintiff alleges that all defendants committed Trademark infringement, False Designation of Origin, Violation of Illinois Uniform Deception Trade Practices Act, Copyright Infringement and Civil Conspiracy. ECF No.1. On August 6, 2021, Court granted Plaintiff's Motion for entry of TRO, ECF No.13, which was extended on August 19, 2021. ECF No.17. Plaintiff filed a Motion for Preliminary Injunction on August 31, 2021. ECF No.21.

Plaintiff's Motion for Preliminary Injunction should be denied because Plaintiff has not shown that they will suffer irreparable harm if the requested injunction is denied. And there is no likelihood of success on merits.

1

## Legal Standards

A preliminary injunction is an extraordinary remedy that is "never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Plaintiff is not entitled to a preliminary injunction unless it establishes that (1) it will suffer irreparable harm without the injunction; (2) there is no adequate remedy at law; and (3) it has a reasonable likelihood of success on the merits. *Turnell v. CentiMark Corp.*, 796 F.3d 656, 661-62 (7th Cir. 2015). If it cannot clearly establish each of these threshold requirements, the injunction must be denied. *Id*. at 662.

The primary ground for this motion is that Plaintiff has no likelihood of success on the merits of its trademark infringement claims because Defendants did not use any of the purported trademarks. Submitted in support of this Motion is the screenshots of the Defendants' stores provided by the Plaintiff. The secondary ground for this motion is that Plaintiff have not demonstrated irreparable harm.

## Arguments

### I. PLAINTIFF CANNOT SUCCEED ON THE MERITS OF ANY CLAIMS BASED UPON ALLEGED TRADEMARK INFRINGEMENT WHERE DEFENDANTS DO NOT USE THE TRADEMARKS AT ISSUE.

Plaintiff raised five counts of claims: Trademark infringement, False Designation of Origin, Violation of Illinois Uniform Deception Trade Practices Act, Copyright Infringement and Civil Conspiracy. Yet in Plaintiff's Motion for Preliminary Injunction, Plaintiff did not mentioned Copyright Infringement when arguing Plaintiff's likelihood of succeed on the Merits. Pl.'s Mot. Prelim. Inj. at 6-7. ECF No. 21. So Defendants will only focus on Plaintiff's allegation relates to 15 U.S.C. § 1114(1). *Id*.

The trademarks at issue here are for the phrase "DRAFT TOP" and "DRINK TOPLESS". ECF No.21-3. To succeed in a trademark infringement claim, two elements must be met. First, a plaintiff must show "that its mark is protected under the Lanham Act" and, second, that the challenged mark is likely to cause confusion among consumers. *Barbecue Marx, Inc. v. 551 Ogden, Inc.*, 235 F.3d 1041, 1043 (7th Cir. 2000).

Yet the central and key to the trademark infringement is the allegation that Defendants infringed Plaintiff's marks. However, aside from allegations, Plaintiff has not provided any evidence sufficient to establish that Defendants in fact marketed product bearing Plaintiff's marks in or toward United States consumers, or marketed product bearing Plaintiff's marks in or toward consumers located in the State of Illinois.

Plaintiff's statements in its complaint, and in fact following documents such as the Motion for Temporary Restraining Order and the Motion for Preliminary Injunction lack evidentiary support. Such unsupported allegations should be deemed insufficient to support a grant of Preliminary Injunction against Defendants. *Titan Tire Corp. v. Case New Holland Inc.*, 566 F.3d 1372, 1378 (Fed. Cir. 2009) ("If the trial court determines that the challenger's evidence is sufficient to raise "a substantial question" of invalidity, the trial court must then afford the patentee the opportunity to show that the invalidity defense "lacks substantial merit".)

The screenshots, which were provided by Plaintiff, specific to Defendants cnzkas and vcgdaa can be seen below.



(Screenshots for Cnzkas)

3



(Screenshots for vcgdaa)

Plaintiff's allegations, absent evidence specific as to the actions of Defendants, are insufficient to establish a likelihood of success on the merits of trademark infringement. As such, there is no likelihood of success of the counts set for in Plaintiff's Complaint.

**II.    PLAINTIFF HAS NOT DEMONSTRATED IRREPARABLE HARM.**

Just as deficient as Plaintiffs' claims with respect to likelihood of success are their claims with respect to irreparable harm. Plaintiffs provide no substance relating to irreparable harm; they provide only unsupported contentions.

**1.    PLAINTIFF'S ALLEGATIONS**

The best example of the lack of substance to Plaintiff's claims of irreparable harm is the supporting Armand Ferranti Declaration ("Ferranti Decl."). Ferranti Decl. ECF No.21-4.

- Paragraph 7 of the Ferranti Decl. States: "In fact, the Company has expended thousands of dollars annually in advertising, promoting and marketing featuring the DRAFT TOP Trademarks." Notwithstanding the promotion that Plaintiff claims, Plaintiff is unable to specify any irreparable harm caused by Defendants.

4

- Paragraph 20 of the Ferranti Decl. States: "Draft Top, LLC's goodwill and reputation are irreparably damaged when the DRAFT TOP Trademarks are used in connection with the offering for sale or sale of goods not authorized, produced, or manufactured by the Company.Moreover, brand confidence is damaged,which can result in a loss of future sales and market share. The extent of harm to the Company's reputation and goodwill and the possible diversion of customers due to loss in brand confidence are largely unquantifiable. " Plaintiff's marks were first used in 2015. ECF No.21-3. Have any sales and/or market share actually been lost in the approximately SIX years since the trademarks have been used and substantially promoted? If no sales or market share has been lost in SIX years, on what basis can Plaintiff legitimately suggests such losses are imminent? During the time when Defendants were actually selling their allegedly infringing can opener, were any customers diverted by actions attributable to Defendants?
- Paragraphs 21 and 22 of the Ferranti Decl. state: "Loss of quality control over goods bearing the counterfeit Trademarks and copyrights and, in turn, loss of control over our reputation is neither calculable nor precisely compensable. . . . Consumers who mistakenly believe that the Counterfeit Products they have purchased originated from Plaintiff will come to believe that Plaintiff offers low-quality products. Inferior quality products will result in increased skepticism and hesitance in consumers . . . , resulting in a loss or undermining of Company's reputation and goodwill." These statements raise at least the following questions that are unaddressed by Plaintiffs— are Defendants' products of inferior quality? Has Plaintiff tested Defendants' products? Does Plaintiff know Defendants' product's manufacture has it's own patent in China?
- Paragraph 23 of the Ferranti Decl. states: "Draft Top, LLC is further irreparably damaged due to a loss of exclusivity." This statement raises the question that is unaddressed by Plaintiff—how can any lost exclusivity be attributable to Defendants when Defendants do not use the trademarks?

In essence, Mr. Ferranti's contention is the sort of evidentiary bootstrapping which is insufficient to create admissible evidence and disputed issues of material fact. "A man cannot make evidence for himself

5

by writing a letter containing the statements that he wishes to prove."*A.B. Leach & Co. v. Peirson,* 275 U.S. 120, 128, 48 S.Ct. 57, 72 L.Ed. 194 (1927) (Holmes, J.).

### 2. IN TERMS OF THE LAW

Plaintiffs notably fail to acknowledge the Supreme Court's decision in *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006). (Ex Parte Mem. at 19-20.) The *eBay* decision, which rejected any categorical presumption of irreparable harm in patent cases, has not been applied consistently in the Seventh Circuit in Lanham Act claims. *See Park Ridge Sports, Inc. v. Park Ridge Travel Falcons*, No. 20 C 2244, 2020 WL 6265133, at *10, n.2 (N.D. Ill. Aug. 20, 2020) (noting that district courts, including this Court, have "expressed doubt" that the Seventh Circuit would reach a different conclusion than the Supreme Court in Lanham Act cases and declining to assume irreparable harm); *see also Kellytoy Worldwide, Inc. v. Ty, Inc.*, No. 20 C 748, 2020 WL 5026255, at *10 (N.D. Ill. Aug. 25, 2020) (recognizing that some courts in the Seventh Circuit continued to apply the presumption of irreparable harm after eBay in certain trademark and tradedress cases but declining to grant a preliminary injunction where movant had not demonstrated, inter alia, harm other than lost sales, which could be compensated with monetary damages).

*McDavid Knee Guard, Inc. v. Nike USA*, 683 F. Supp. 2d 740 (N.D. Ill. 2010) provides another example of the deficiency of Plaintiff's claim. *McDavid* involved a patent infringement claim in which the patentee moved for a preliminary injunction. To establish irreparable harm, the movant presented testimony about loss of sales and the harm to its business, including the possibility of having to discharge employees due to lost sales. See id. at 748-49. This Court determined that the testimony was too speculative and therefore insufficient. Id. at 749 ("[Movant] has not presented this court with evidence of any actual loss of market share or overall sales, but instead offers conclusory affidavits based on speculation to prove these losses. . . . [S]uch speculation is insufficient to justify injunctive relief prior to a trial on the merits.") (citation omitted). If the movant in McDavid could

6

not meet demonstrate irreparable harm, then Plaintiffs' attempt at demonstrating irreparable harm should similarly be deemed insufficient.

## CONCLUSION

For the reasons discussed above, Defendants respectfully request this court to deny the Plaintiff's motion for preliminary injunction.

Date: September 16, 2021　　　　　　　　/s/ *Ruoting Men*
　　　　　　　　　　　　　　　　　　　　Ruoting Men, Esq.
　　　　　　　　　　　　　　　　　　　　GLACIER LAW PLLC
　　　　　　　　　　　　　　　　　　　　200 E. Randolph Dr., Ste. 5100
　　　　　　　　　　　　　　　　　　　　Chicago, IL 60601
　　　　　　　　　　　　　　　　　　　　Attorney for Defendants

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this September 16, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.

| | |
|---|---|
| Date: September 16, 2021 | /s/ *Ruoting Men* |
| | Ruoting Men, Esq. |
| | GLACIER LAW PLLC |
| | 200 E. Randolph Dr., Ste. 5100 |
| | Chicago, IL 60601 |
| | Attorney for Defendants |