IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DT, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:21-cv-3792 |
| v. | ) |
| | ) |
| The Partnerships and Unincorporated | ) |
| Associations Identified on Schedule A, | ) |
| | |
| Defendants | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' RESPONSIVE MOTION
(STORES: VARACLE, MINTONBAT, PER NEWLY, EMPTYHOME STORE,
YY LIGHT TOOL STORE, AND LIVING GROCERY STORE)**

Defendants, Varacle, mintonbat, Per Newly, EmptyHome Store, YY Light Tool Store, and Living Grocery Store, ("Defendant Stores"), should be dismissed from this lawsuit. They are not located in the U.S. and did not sell any allegedly infringing products in Illinois or the U.S. As a result, Defendant should not have to litigate this case in Illinois. Dismissal is therefore proper under Federal Rule of Civil Procedure 12(b)(2).

Plaintiff also did not comply with Rule 4 and therefore this Court does not have personal jurisdiction over Defendant Stores. Dismissal is therefore also proper under Federal Rules of Civil Procedure 12(b)(4) and (5). Although a summons issued in this case, there is no evidence in the record that Plaintiff effectively served sufficient process. Instead, it appears that after Plaintiff successfully secured an asset freeze on defendants' assets it waited. While this is a smart negotiation strategy, it is not in the spirit of the Federal Rules of Civil Procedure no matter who the defendants may be. On top of that, Defendant Stores were improperly joined with 845 other defendants from multiple platforms with different types of businesses. This was improper joinder. Again, Defendant Stores should be dropped from this case.

1

For all these reasons, this Court should dismiss or drop Defendant Stores from these proceedings under either Rule 12 or 21 of the Federal Rules of Civil Procedure. If, however, Defendant Stores are not dismissed or dropped from the case, Plaintiff should have to provide a more definite statement under Rule 12(e). Plaintiff's operative pleadings fail to provide Defendant Stores with notice of the claims against which they must defend.

**I.      Background**

On July 15, 2021, Plaintiff, DT, LLC, filed its Complaint. Doc. 1. Then, on July 16, 2021, Plaintiff moved to file an Amended Complaint with Schedule A and Exhibits under seal, which was granted. Doc. 5-1; Doc.12. Schedule A listed the defendants named in the Amended Complaint. 851 different defendants were named.

A.   Facts Concerning Service of Process

On July 16, 2021, Plaintiff also filed its *Ex Parte* Motion for Entry of a Temporary Restraining Order, Including Temporary Injunction, A Temporary Asset Restraint, and Expedited Discovery. Doc. 6. This Motion did not request leave to serve defendants by electronic mail and did not offer any support why this would be appropriate under Federal Rule of Civil Procedure 4. Doc. 6; Doc. 7. From the docket, Defendant Stores are unable to confirm whether this relief was orally requested by Plaintiff.

On August 6, 2021, Plaintiff submitted a proposed Order to the Court that allowed email service. Docs. 12-14. This Order was signed and entered by the Court. Doc. 14. A summons was issued by the Clerk of the Northern District of Illinois on August 9, 2021. No return has been filed. The only mention of attempted service by Plaintiff in the docket filings is the Declaration attached to Motion for Extension of TRO, which did not detail how Plaintiff's served the Amazon or Aliexpress defendants, if they did at all. Doc 16-1 ¶ 5.

Defendant Stores are on either Amazon or Aliexpress as detailed in Schedule A. Defendant Stores did not agree to a waiver of service under Federal Rule of Civil Procedure 4. Defendant Stores did not

receive a copy of the summons, see attached Declarations. Defendant Stores' counsel requested a copy of this summons and any information on service from Plaintiff's counsel in two separate written electronic correspondence. At the time of filing this Motion, Defendant Stores have not received a response to this inquiry. Defendant Stores' assets have been frozen since that order was entered and remain frozen.

### B. The Amended Complaint

There are 851 defendants named in Schedule A of the Amended Complaint. These defendants are from ten separate and distinct online marketplaces: Alibaba, Aliexpress, Amazon, DHgate, eBay, gearbest, Joom, Newegg, Shopify, Wish. Doc 5-2 (Schedule A). The Amended Complaint asserts trademark infringement, copyright infringement, Illinois Deceptive Trade Practices Act, and civil conspiracy claims against all defendants. The product at issue in the Amended Complaint is a hand-operated hand cutting tool. Doc. 5-1, ¶ 6.

Five different trademark registrations are attached to the Amended Complaint. Doc. 5-3. Three different copyright registrations are attached to the Amended Complaint. Doc. 5-4. Plaintiff does not specify which trademarks or copyrights were infringed by Defendant Stores. Defendant Stores' counsel requested this information from Plaintiff by written electronic correspondence. No response was provided concerning this inquiry.

Plaintiff also does not specify in the Amended Complaint how the Defendant Stores conspired with the remaining 845 defendants in the alleged scheme. Doc. 5-1, p. 14-15.

### C. Facts Concerning Personal Jurisdiction

According to the Amended Complaint, the following justification is provided for personal jurisdiction over each one of the 851 named defendants:

> This Court has personal jurisdiction over each Defendant, in that each Defendant conducts significant business in Illinois and this Judicial District, and the acts and

      events giving rise to this lawsuit of which each Defendant stands accused were undertaken in Illinois and this Judicial District.

Amended Complaint Doc. 5-1 ¶2

  Defendant Stores are not based in the U.S., see attached Declarations. Plaintiff is a New Jersey limited liability company. *Amended Complaint* Doc. 5-1 ¶6. Defendant Stores have not sold any of the allegedly infringing products in Illinois or the U.S. see attached Declarations.

    D.  Procedural Posture

  Defendants Stores' counsel entered his appearance on December 2, 2021 and requested leave to file a response, which was granted. This responsive motion follows.

  **II.**    **Lack of Personal Jurisdiction**

  This Court does not have personal jurisdiction over the Defendant Stores.

  Rule 12(b)(2) permits dismissal of a claim based on lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2) *See Flava Works, Inc. v. Doe*, 2014 U.S. Dist. LEXIS 7361, at *6 (N.D. Ill. Jan. 21, 2014). Neither the Lanham Act nor Copyright Act authorize nationwide service of process. *be2LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011); *Flava Works, Inc.*, 2014 U.S. Dist LEXIS 7361 at *6.

   Therefore, a Court may not exercise personal jurisdiction over a defendant unless it is authorized by Illinois law and the United States Constitution. *Id.* The Illinois long-arm statute, in turn, permits its courts to exercise personal jurisdiction on any basis permitted by the constitutions of both Illinois and the United States. 735 ILCS 5/2-209(c); *be2LLC v. Ivanov*, 642 F.3d at 558. This means satisfying the Due Process Clause of the U.S. Constitution. *be2LLC v. Ivanov*, 642 F.3d at 558. "The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations." *Curry v. Revolution Labs., LLC*, 949 F.3d 385, 393 (7th Cir. 2020) *quoting Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985).

Where there is an out of state defendant, Plaintiff must establish that it has specific jurisdiction over that defendant; there are three "essential requirements" for the exercise of specific jurisdiction:

1. The defendant's contacts with the forum state must show that it purposefully availed itself of the privilege of conducting business in the forum state or purposefully directed its activities at the state.
2. The plaintiff's alleged injury must have arisen out of the defendant's forum-related activities.
3. And finally, any exercise of personal jurisdiction must comport with traditional notions of fair play and substantial justice.

*Curry*, 949 F.3d at 398.

If a defendant does not have minimum contacts with Illinois, then a court in Illinois does not have personal jurisdiction over him. *be2LLC v. Ivanov*, 642 F.3d at 558; *MSM Design & Engineering LLC v. P'ships & Unincorporated Ass'n Identified in Schedule "A"*, 2021 U.S. Dist. LEXIS 140732 at *6 (N.D. Ill. July 28, 2021). The relevant contacts are those that center on the relations among the defendant, the forum, and the litigation. *Advanced Tactical Ordnance Systems, LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 801 (7th Cir. 2014). Not just any contacts will do; the defendant's *suit-related* conduct must create a substantial connection with the forum State. *Id.* "Specific jurisdiction must rest on the litigation-specific conduct of the defendant in the proposed forum state." *Id.*

Plaintiffs bear the burden to make a *prima facie* case for personal jurisdiction. *MSM Design & Engineering LLC v.* 2021 U.S. Dist. LEXIS 140732 at *6. When determining whether a plaintiff has met its burden, a court must accept as true jurisdictional allegations pleaded in the complaint, unless those allegations are disproved by the defendant's affidavits or exhibits. *Id.* Personal jurisdiction over an online retailer is not established merely because the retailer's website is available in the forum. *Id. See Advanced Tactical Ordinance Systems, LLC,* 751 F.3d 796 at 803.

Here, Plaintiff alleges in its Amended Complaint that the acts or events that gave rise to the lawsuit for which Defendant Stores stand accused took place in Illinois. The Amended Complaint concerns the sale of counterfeit products, specifically Plaintiff's hand-operated cutting tools. Doc. 5-1 ¶¶4, 19.

5

Defendant Stores, however, did not sell any of these allegedly infringing products in Illinois or in the U.S., see attached Declarations. Defendant Stores therefore do not have the necessary minimum contacts with Illinois, and as a result, this Court does not have personal jurisdiction. The Amended Complaint should therefore be dismissed as to Defendant Stores.

### III.     Insufficient Process

Plaintiff did not comply with Rule 4 of the Federal Rules of Civil Procedure and therefore Plaintiff's Amended Complaint should be dismissed under Rules 12(b)(4) and 12(b)(5)

Plaintiff is required to comply with Rule 4, which requires that every defendant be served with a copy of the operative complaint and summons. Fed. R. Civ. Pro. 4; *See Philips Medical Systems Cleveland v. Jose Buan*, No. 1:19 CV 02648, 2021 U.S. Dist. LEXIS 77256 at *9-10 (N.D. Ill. Apr. 19, 2021). Where there has been insufficient process, the Court does not have personal jurisdiction over a defendant. *Philips Medical Systems Cleveland v. Jose Buan*, No. 1:19 CV 02648, 2021 U.S. Dist. LEXIS 77256 at *9-10 (N.D. Ill. Apr. 19, 2021). Plaintiff bears the burden of showing that it served each defendant effectively. *Id.* at 10. If a court finds that a plaintiff has not met this burden and lacks good cause for not perfecting service, the court must either dismiss the lawsuit or specify a time within which the plaintiff should serve the defendant. *Id.*

A 12(b)(4) motion challenges the form of the process, e.g. whether the summons was addressed to the proper party. Fed. R. Civ. Pro. 12(b)(4); *Philips Medical Systems Cleveland v. Jose Buan*, No. 1:19 CV 02648, 2021 U.S. Dist. LEXIS 77256 at *9-10 (N.D. Ill. Apr. 19, 2021). According to Rule 4, a Summons must name the Court and the parties and be directed to the defendant. Fed. R. Civ. Pro. 4(a)(1)(A),(B). *Philips Medical Systems Cleveland v. Jose Buan*, No. 1:19 CV 02648, 2021 U.S. Dist. LEXIS 77256 at *9-10 (N.D. Ill. Apr. 19, 2021).

A 12(b)(5) motion challenges Plaintiff's insufficient service of process under Rule 4. Fed. R. Civ. Pro. 12(b)(5); see *Capital Airline Engine Leasing, LLC v. European Aviation Air Charter, Ltd.*, No. 10-3105, 2011

U.S. Dist. LEXIS 57700, at *8-9 (C.D. Ill. May 31, 2011). Rule 4 details what procedures must be followed to effectuate services. Fed. R. Civ. Pro. 4. The time limit to effectuate services is not unlimited. According to Rule 4(m), plaintiff generally has 90 days to serve its pleadings. Although 4(m) excludes foreign service, the Seventh Circuit has stated that the amount of time allowed for foreign service is not unlimited. *Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (2005); *See Papst Licensing GmbH & Co. KG v. Sunonwealth Electric Machine Ind. Co.*, 332 F. Supp. 2d 1142, 1151 (N.D. Ill. 2004). Lower courts in the Northern and Central Districts of Illinois have applied the "flexible due diligence standard" to determine whether the time limit for foreign service has expired. *Papst Licensing GmbH & Co. KG* , 332 F. Supp. 2d at 1151; *Capital Airline Engine Leasing*, LLC, 2011 U.S. Dist. LEXIS 57700 at *10. The "flexible due diligence" standard is measured by the reasonableness of the plaintiff's effort as well as the prejudice to the defendant from any delay. *Id.*

Here, Defendant Stores did not receive a copy of the summons. Plaintiff has not filed a return of service with the Court, and it is impossible to view what the summons actually stated and whether each Defendant Store was listed. Plaintiff bears the burden to show that this was properly done.

It is also unclear whether Plaintiff did anything to serve Defendant Stores. Plaintiff did not respond to Defendant Stores' request for clarification on this issue. Now, more than 140 days have passed since the filing of the Complaint. This is an excessive amount of time even for foreign service. And Defendant Stores' assets have remained frozen from about August 06, 2021, to present. As a result, Defendant Stores have been prejudiced from the delay for what appears to be no effort by Plaintiff to ensure that they were fully and fairly notified of the proceedings. Again, Plaintiff bears the burden. It did not properly serve Defendant Stores. Defendant Stores should therefore be dismissed from the Amended Complaint.

### IV. Improper Joinder

The 851 named defendants in the Amended Complaint were improperly joined. Defendant Stores should thus be dropped from this matter.

Plaintiff must comply with Federal Rule of Civil Procedure 20 when it joins several parties in the same lawsuit. Under Rule 20(a)(2), defendants may be joined in a single action if two requirements are satisfied: (1) the claims against them must be asserted "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) there must be a "question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2)(A)-(B); *see Estée Lauder Cosmetics Ltd. v. P'ships & Unincorporated Associations Identified on Schedule A*, 334 F.R.D. 182, 185 (N.D. Ill. 2020).

To determine whether the rights asserted arise out of the same transaction or occurrence, courts should "consider the totality of the claims, including the nature of the claims, the legal basis for recovery, the law involved, and the respective factual backgrounds." *Estée Lauder Cosmetics Ltd.*, 334 F.R.D. at 185; *quoting, Ross v. Bd. of Educ. of Twp. High Sch. Dist. 211*, 486 F.3d 279, 284 (7th Cir. 2007). Plaintiff bears the burden of showing that joinder is proper under Rule 20(a). *Estée Lauder Cosmetics Ltd. v. P'ships & Unincorporated Associations Identified on Schedule A*, 334 F.R.D. 182, 185 (N.D. Ill. 2020). Under Rule 21, this Court may drop a party if there is misjoinder. Fed. R. Civ. Pro. 21.

Here, there were 851 defendants named in this lawsuit. These defendants are from a variety of different and unique online platforms. There are also very different transactions and occurrences that have led to the alleged infringements in this lawsuit. And there are a variety of trademarks and copyrights alleged, all of which unlikely apply to all 851 defendants. This is a clear case of misjoinder.[1] Of course, Plaintiff has the burden to show otherwise. Based on the facts alleged, it cannot. Defendant Stores therefore respectfully requests that this Court drop them from this lawsuit under Rule 21.

---

[1] It should also be worth noting that based on Plaintiff's misjoinder of 851 defendants, this Court is deprived of filing fees amounting to approximately $341,700.

## V. More Definite Statement

If this Court does not find that dismissal is appropriate, Defendant Stores alternatively request that Plaintiff provide a more definite statement under Rule 12(e).

Defendant Stores maintain that dismissal is proper for the reasons stated above. If this Court, however, denies this relief requested, Defendant Stores request that this Court require Plaintiff to amend its Amended Complaint under Rule 12(e) so that Defendant Stores have fair notice of the claims asserted against it. Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. . . [and such a motion] must be made before filing a responsive pleading and must point out the defects complained of and the details desired." Fed. R. Civ. Pro. 12(e); *Otter Products, LLC v. Fellowes, Inc.*, No. 19-cv-6195, 2020 U.S. Dist. LEXIS 112472 (N.D. Ill. June 25, 2020). Deciding this Motion is in the discretion of the Court. *Id.*

Here, Plaintiff asserts a variety of trademarks and copyrights against all defendants. Defendant Stores do not know which trademarks and copyrights apply to them, if any, and how Defendant Stores infringed those intellectual property rights. Despite its attempt to clarify with Plaintiff which copyrights and trademarks Defendant Stores infringed, no response was received. Defendant Stores are in the dark as to the specific acts of infringement in this case including the unbelievable claim of civil conspiracy. As a result, a more definite statement under Rule 12(e) is warranted so that Defendant Stores can prepare their defenses.

## VI. Conclusion

For all these reasons, this Court should dismiss or drop Defendant Stores from these proceedings under either Rule 12 or 21 of the Federal Rules of Civil Procedure. If, however, Defendant Stores are not dismissed or dropped from the case, Plaintiff should have to provide a more definite statement under Rule 12(e).

Respectfully submitted,

Varacle, mintonbat, Per Newly, EmptyHome Store, YY Light Tool Store, and Living Grocery Store, by:

/s/ John T.D. Bathke
John T.D. Bathke (IL 6305438)
Phillips & Bathke, P.C.
53 West Jackson, Suite 805
Chicago, Illinois 606014
Tel: (312) 380-0860
Email: jtdb@pb-iplaw.com
*Attorney for Named Defendants*

## Certificate of Service

Undersigned certifies and states that on December 22, 2021, he filed a copy of the foregoing document using the Court's CM/ECF system thereby serving it on all counsel or record.

/s/ John T.D. Bathke
John T.D. Bathke (IL 6305438)
Phillips & Bathke, P.C.
53 West Jackson, Suite 805
Chicago, Illinois 606014
Tel: (312) 380-0860
Email: jtdb@pb-iplaw.com
