**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DT LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:21-cv-03792 |
| v. | ) | |
| | ) | Dist. Judge Matthew F. Kennelly |
| The Partnerships and Unincorporated | ) | |
| Associations Identified in Schedule "A", | ) | Mag. Judge Sheila M. Finnegan |
| | ) | |
| Defendants. | ) | |

**Defendants' Motion to Dismiss**

**NOW COME** defendants Choosetactfully.com, ironwithnova.com, mintiml, and brogrowshop ("Defendants"), by and through their undersigned counsel, and hereby move to dismiss Counts I - III and V of the Complaint, stating as follows:

**I. Factual and Procedural Background**

Defendants are involved in the present case as a result of their offer for sale of a certain beverage implement branded with the mark MINTIML, pictured here:

 

**Brogrowshop** **Choosetactfully.com**




**Ironwithnova.com**　　　　　　　　　　　**Mintiml**

True and correct copies of Plaintiff's evidence file for each of the Defendants is attached hereto as **Exhibit 1** (browgrowshop), **Exhibit 2** (Choosetactfully.com), **Exhibit 3** (ironwithnova.com), and **Exhibit 4** (mintiml). Defendants are e-commerce resellers engaged in the sale of various consumer products, including novelty items like the aforementioned can opener.

Plaintiff filed its Complaint based on, *inter alia*, violations of the Lanham Act and related Illinois claims, ostensibly to combat defendants unauthorized use of certain federally-registered trademarks, namely DRAFT TOP (Reg. Nos. 5,205,017/5,205,018), GALLERY SMOKE (Reg. No. 5,225,019), and DRINK TOPLESS (Reg. No. 5,205,020) (collectively, "Plaintiff's Trademarks"). On August 19, 2021, Plaintiff obtained a temporary restraining order [Dkt. 17] that was converted to a preliminary injunction on September 28, 2021 [Dkt. 42].

As seen from Plaintiff's own evidence, none of the Defendants used any of the Plaintiff's Marks. **Exhibits 1 - 4**. Moreover, the product illustrated in the exhibits is clearly branded with the MINTIML™ mark. Furthermore, Plaintiff does not allege that any of Plaintiff's photographs - the subject of Count IV of the Complaint - has either acquired secondary meaning or otherwise act as a source identifier for Plaintiff's products independent of Plaintiff's Marks, which again do not appear in Plaintiff's evidence.

## II. Argument

### a. Legal Standard

A Rule 12(b)(6) motion challenges the sufficiency of the complaint. *See, e.g.*, Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7, 570 F.3d 811, 820 (7th Cir. 2009). The Court may consider allegations set forth in the complaint itself, documents attached to the complaint, documents central to the complaint and referred to in it, and information properly subject to judicial notice. O'Brien v. Village of Lincolnshire, 955 F.3d 616, 621 (7th Cir. 2020). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to withstand a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id., *quoting*, Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) (emphasis added). Deciding the plausibility of the claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." W. Bend Mut. Ins. Co. v. Schumacher, 844 F.3d 670, 676 (7th Cir. 2016). Dismissal under Rule 12(b)(6) for failure to state a claim is appropriate if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Strauss v. City of Chicago, 760 F.2d 765, 767 (7th Cir. 1985).

### b. Plaintiff does not state a trademark-related claim.

A plaintiff may not use the Lanham Act to disguise what are, at essence, copyright claims. Dastar Corp. v. Twentieth Century Fox Film Corp., 539 U.S. 23, 37 (2003); Natkin v. Winfrey, 111 F. Supp. 2d 1003, 1003 (N.D. Ill. 2000) (a plaintiff cannot proceed with him claims if he has "done nothing more than reallege [its] copyright claims under the guise of the Lanham Act and identical state law claims."). Plaintiff has brought a claim for copyright infringement involving Defendants' alleged use of Plaintiff's copyright photos (Count IV), however nowhere is it alleged in the Complaint that any of the photographs *are* or comprise any of the Plaintiff's Marks, nor does the

Complaint even allege that any of the photographs have acquired any secondary meaning or act as a source identifier for Plaintiff's product.

The Lanham Act makes actionable false or misleading representations that are likely to cause confusion or deception as to the origin of goods or services. *See*, 15 U.S.C. § 1125(a)(1)(A). This provision prohibits, *inter alia* "reverse passing off" which occurs when the producer of goods "misrepresents someone else's goods or services as his own." Alan Ross Mach. Corp. v. Machinio Corp., 2018 WL 6018603 (N.D. Ill. Nov. 16, 2018). Accordingly, only confusion about origin of a tangible good supports a trademark claim, and the pertinent inquiry under Dastar is "whether the consumer knows who produced the finished product." Bretford Mfg., Inc. v. Smith Sys. Mfg. Corp., 419 F.3d 576, 581 (7th Cir. 2005); Phoenix Ent. Partners v. Rumsey, 829 F.3d 817 (7th Cir. 2016) (A "consumer's confusion must be confusion as to the source of the tangible good sold in the marketplace.").

Here, the tangible good is a drink can opener, and there are no plausible indications that Plaintiff is the producer "of the tangible product sold in the marketplace", *i.e.*, the MINTIML-branded product. Accordingly, Plaintiff does not have a claim under Section 43(a) of the Lanham Act. *See, e.g.*, Keepsakes, Inc. v. Personalizationmall.com, Inc., 2012 WL 414803 (N.D. Ill. Feb. 8, 2012) ("The pictures show that, at worst, Defendants incorporated PKI's copyrighted poems into their own products; Defendants have not sold PKI's tangible products as their own. Under Dastar that is a copyright claim, not a Lanham Act claim."); Bob Creedon & Associates, Ltd. v. Infosoft, Inc., 326 F.Supp.2d 876, 879-80 (N.D.Ill.2004) (noting the complaint alleged the software system sold by the defendants was "derived" from the plaintiff's system (not that they were the same product), and under Dastar the plaintiff failed to state a claim); Alan Ross, 2018 WL 6018603 at *4 ("because Alan Ross is not the source of the product (or duplicate listing), it does not have a claim under § 43(a)(1)(A) of the Lanham Act."). Other Courts have arrived at similar conclusions. *See*,

Maule v. Philadelphia Media Holdings, LLC, 710 F. Supp. 2d 511, 518-19 (E.D. Pa. 2008) (dismissing Lanham Act claim against defendant newspaper for its use of the plaintiff's photographs because "while [defendant] may not have been the originator of the photographs contained in its newspaper, it was the originator of the newspaper itself, the actual good being offered for sale to the public"); Photographic Illustrators Corp. v. Orgill, Inc., 118 F. Supp. 3d 398, 410 (D. Mass. 2015); (no false designation of origin claim where distributor of light bulbs used copyrighted photo of product on eBay sales page without attribution to copyright owner; such claim was cognizable under the Copyright Act); Quadratec, Inc. v. Turn 5, Inc., 2015 WL 4876314 at *8 (E.D. Pa. Aug. 13, 2015) (dismissing false designation of origin claim where defendant used plaintiff's marketing materials, including photographs, to sell the same products in direct competition with plaintiff; holding that "Defendant's rights are protected under the Copyright Act"); Avalos v. IAC/Interactivecorp., 2014 WL 5493242 at *3 (S.D.N.Y. Oct. 30, 2014) (no false designation of origin claim where dating website allegedly used photographs of a model to create fake profiles without consent; plaintiff's claim "attempts to achieve precisely what Dastar prohibits: an end run around copyright law"); Barn Light Elec. Co., LLC v. Barnlight Originals, Inc., 2016 WL 7135076 (M.D. Fla. Sept. 28, 2016) (no false designation of origin claim where defendant website used images of plaintiff's products on its website and in advertisements in connection with the sale of its own similar products).

    Plaintiff appears to rely on the mere copying of the photographs to stand-in for a trademark claim, however that alone is inadequate to avoid preemption by the Copyright Act. *See*, Cyber Websmith, Inc. v. Am. Dental Ass'n, 2010 WL 3075726 at *2 (N.D. Ill. Aug. 4, 2010) (merely "the inherent misrepresentation that accompanies the unauthorized copying and distribution of another's copyrighted work," is "not enough" to avoid preemption.); Kluber Skahan & Assocs., Inc. v. Cordogen, Clark & Assoc., Inc., 2009 WL 466812 at *10 (N.D. Ill. Feb. 25, 2009) (holding Illinois state common law claims for fraud, deceptive trade practices, and unfair competition preempted by

the Copyright Act). Accordingly, Plaintiff has not stated a claim under the Lanham Act, or the Illinois Deceptive Trade Practices Act which requires the same elements, or the dependent tort "civil conspiracy" to commit the same invalid claims. Id.; K's Merch. Mart, Inc. v. Kmart Corp., 81 F. Supp. 2d 923, 929 (C.D. Ill. 2000) ("Claims for unfair competition and deceptive trade practices brought under Illinois law are to be resolved according to the general principles set forth under the Lanham Act."); Summerland v. Exelon Generation Co., 510 F. Supp. 3d 619, 630 (N.D. Ill. 2020) (where a plaintiff "fails to state an independent cause of action underlying its conspiracy allegations, the claim for a conspiracy also fails.").

### III. Conclusion

Defendants have answered Plaintiff's Complaint regarding Count IV. Counts I - III and V, however, under the Lanham Act and the Illinois Deceptive Trade Practices Act, do not pertain to these Defendants' offending activity, and they are preempted by the Copyright Act. Counts I, II, III, and V should be dismissed with prejudice.

Dated this March 25, 2022

Respectfully Submitted,

/s/Adam E. Urbanczyk
Adam E. Urbanczyk
AU LLC
564 W. Randolph St. 2nd Floor
Chicago, IL 60661
(312) 715-7312
(312) 646-2501 (fax)
adamu@au-llc.com
*Attorney for Defendants Choosetactfully.com, ironwithnova.com, mintiml, and brogrowshop*