IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS-EASTERN DIVISION

| | |
|---|---|
| DRAFT TOP, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A",<br><br>        Defendants. | No. 21-cv-03792<br><br>Judge Matthew F. Kennely<br>Magistrate Judge Sheila M. Finnegan |

**Response in Opposition to Defendant's Motion to Dismiss**

Plaintiff Draft Top, LLC, ("Plaintiff") submits its response to Defendants Mintiml, browgrowshop, choosetactfully.com, ironwithnova.com ("Defendants") Motion to Dismiss the Amended Complaint. Dkt. 110. For the following reasons, Plaintiff respectfully requests that Defendants' motion to dismiss be denied in its entirety.

**BACKGROUND**

On July 15, 2021, Plaintiff filed a complaint against Defendants alleging trademark infringement and counterfeiting, false designation of origin, Illinois Uniform Deceptive Practices Act, copyright infringement, and civil conspiracy claims. (Dkt. 1, 5-6). On August 6, 2021, this Court properly exercised jurisdiction over Defendants and granted Plaintiff's Ex Parte Motion for Entry of a Temporary Restraining Order after finding that evidence submitted by Plaintiff demonstrated an immediate and irreparable injury, loss, or damage to Plaintiff and a strong likelihood of success on the merits, (the "TRO") (Dkt. 4). The TRO was extended (Dkt. 13), and later converted into a Preliminary Injunction (Dkt. 42). The Court's entry of the TRO and then subsequent entry of a preliminary injunction were correct both on their facts and in the law. Moreover, this Court found that Plaintiff demonstrated a strong likelihood of success on the merits as to Defendant when it entered the Preliminary Injunction. (Dkt. 42). Despite this finding,

1

Defendant argues that the claims have not been adequately pled. Defendants' present Motion to Dismiss alleges that Plaintiff has failed to state a claim under the Lanham Act and state laws ("Motion to Dismiss") (Dkt. 110).

## ARGUMENT

### I. Legal Standard

A complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief" and the short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Wells Fargo Bank v. Leafs Hockey Club, Inc.*, 2014 WL 1017211, at *1 (N.D. Ill. March 14, 2014) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); Fed. R. Civ. P. 8(a)(2). The liberal notice pleading standard is meant to minimize technicalities and "focus litigation on the merits of a claim." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). The Supreme Court has made clear that Rule 8(a) "does not impose a probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence." *Trustees of the Auto. Mechanics' Indus. Welfare & Pension Funds Local 701 v. Elmhurst Lincoln Mercury*, 677 F.Supp.2d 1053, 1054 (N.D. Ill. 2010) (citing *Bell Atl. Corp.*, 550 U.S. at 566); see also *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (noting that a complaint need not include evidence).

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint need only "state a claim to relief that is plausible on its face." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting Bell Atl. Corp., 550 U.S. at 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In evaluating a Rule 12(b)(6) motion, this Court is to "construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing

all possible inferences in [its] favor." *Tamayo*, 526 F.3d at 1081. Finally, allegations made on information and belief are acceptable under the federal pleading standard. *Wells Fargo Bank*, 2014 WL 1017211, at *4 (citing *Trustees of the Auto. Mechanics' Indus. Welfare & Pension Funds Local 701*, 677 F.Supp.2d at 1054-55 (N.D. Ill. 2010)). Here, Defendants seek dismissal under Fed. R. Civ. P. 12(b)(6) but have improperly included evidence extrinsic to the Complaint in their motion.[1] Plaintiff requests that the Court disregard such evidence in ruling on the motion, because the evidence presented at pages 1 and 2 of the motion is not verified and is more properly the subject of discovery.

### II. Plaintiff Adequately Pled All Elements of its claims of Trademark Infringement and Counterfeiting, False Designation of Origin, and Violation of the Uniform Deceptive Trade Practices Act

Defendants' contention that Plaintiff's allegations "are, at essence (sic), copyright claims" is completely without merit and reflects a deliberate misreading of Plaintiff's trademark and unfair competition allegations. Plaintiff does not allege that the Defendants' admitted infringement of their photos and videos pour over to the Lanham Act and Illinois unfair competition claims, but that they are utilizing Plaintiff's own marketing materials to advertise and sell their infringing beverage can openers. Defendants use Plaintiff's marketing materials—its product photographs and videos (including videos that clearly show the DRAFT TOP Trademark) to create a commercial impression that the products they sell originate from, or are authorized by, Plaintiff, even though the Complaint clearly refutes their position. See, Am. Cplt. (Dkt. 5-6) at ¶¶ 20, 22. Indeed, using exact copies or mild derivations of Plaintiff's photos and videos itself can plausibly create the mistaken impression that their carbon-copy products are in some manner authorized by Plaintiff.

---

[1] The photos Defendants rely upon were not attached to the Complaint nor referenced in it, but were instead disclosed to Defendants in the context of settlement negotiations. *See,* Fed. R. Evid. 408.

To state a claim under the Lanham Act for trademark infringement and counterfeiting (Count I) and false designation of origin (Count II), it is sufficient for Plaintiff to allege that: "(1) it has a protectable right in its asserted trademarks, and (2) the defendant's use of the mark is likely to cause confusion." *KJ Korea, Inc. v. Health Korea*, Inc., 66 F. Supp. 3d 1005, 1012 (N.D. Ill. 2014); see also *Manley v. Boat/U.S., Inc.*, 75 F. Supp. 3d 848, 853 (N.D. Ill. 2014). Similarly, a plaintiff must allege these same elements to state a cause of action under Illinois' Uniform Deceptive Trade Practices Act (Count III). See *KJ Korea*, 66 F. Supp. 3d at 1011-12.

### a. Plaintiff Has a Protectable Right in its asserted Trademarks

Plaintiff's Amended Complaint alleges that Plaintiff owns registered trademarks for the DRAFT TOP and DRINK TOPLESS word marks. (Dkt. 5-6 at ¶4). Moreover, Plaintiff actively uses and markets all its Trademarks in commerce by, among other uses, placing them on its DRAFT TOP branded products, actively marketing those products and obtaining favorable media coverage. *Id.,* ¶ ¶ 7, 8.

### b. Plaintiff had sufficiently pled the elements of Trademark Infringement

In a recent case, Judge Feinerman noted that "(b)ecause the "likelihood of confusion test is a fact-intensive analysis, it ordinarily does not lend itself to a motion to dismiss." *Slep-Tone Entertainment Corp. v. Coyne*, 41 F. Supp.3d 707, 715 (N.D. Ill. 20014) (internal quotes omitted) (*citing, Vulcan Golf, LLC v. Google Inc.,* 552 F.Supp.2d 752, 769 (N.D.Ill.2008) (likelihood of confusion test is a fact-specific and "best left for decision after discovery"). Plaintiff has alleged a likelihood of confusion, which is all that it can do under the pleading standard of this Court. *See,* Dkt. 5-6 at ¶¶ 22, 26).

Even if the Court could readily resolve this factor on the instant motion, the Seventh Circuit has implemented two (fact-intensive) tests to determine likelihood of confusion. First, there is a presumption of the likelihood of confusion if Plaintiff can present evidence of Defendants have

produced goods to capitalize on the demand for Plaintiff's product. See *Microsoft Corp. v. Rechanik*, 249 Fed. App'x. 476, 479 (7th Cir. 2007). Second, is the traditional likelihood of confusion test. See *Promatek Indus.* In evaluating these tests, the Seventh circuit examines the presumption test first and then examines the traditional likelihood of confusion test. The following assessment follows the Seventh Circuit's order of examination. *See Coach, Inc. v. Treasure Box, Inc.*, 2013 WL 2402922, at *4-5 (N.D. Ind. May 31, 2013) ("This . . . is plainly a case for presuming likelihood of confusion. But in an abundance of caution, [the Court] will take a belt-and-suspenders approach . . . and proceed with the seven-factor analysis to determine whether there is a likelihood of consumer confusion."). Taking all inferences in favor of the Plaintiff, this standard has been met.

The Seventh Circuit has ruled that there can be a presumption of the likelihood of confusion where a defendant "produces counterfeit goods in an apparent attempt to capitalize upon the popularity of, and demand for, another's product." *Microsoft Corp.,* 249 Fed. App'x.at 479 (non-precedential) (*quoting Polo Fashions, Inc. v. Craftex, Inc.*, 816 F.2d 145, 148 (4th Cir. 1987)); see also *Entm't One UK Ltd. v. 2012shiliang*, 384 F. Supp. 3d 941, 948 (N.D.Ill. May 2, 2019); *Maui Jim v. Smartbuy Guru Enters.*, 459 F. Supp. 3d 1058 (N.D.Ill. February 7, 2020).

When applying the shortened test, there may be a presumption of a likelihood of confusion when a "defendant has produced counterfeit goods in an attempt to capitalize on the popularity of another's product." *Entm't One UK Ltd.*, 384 F. Supp. 3d at 948 (Citing *Microsoft*, 249 Fed. App'x. at 479). To be considered a "counterfeit" a good must have 1) been produced by an unauthorized entity and 2) the counterfeit goods must bear "a spurious mark which is identical with, or substantially indistinguishable from, a registered mark." *See* 15 U.S.C. § 1116(d)(1)(B); 15 U.S.C. § 1127. As to the first requirement, Plaintiff has not authorized the Defendants to use their Trademarks. *See,* Dkt. 5-6 at ¶ 20. As to the second, Defendants have made use of both of

5

Plaintiff's Trademarks in their online advertising and marketing, including packaging and pirated promotional videos.

In assessing the likelihood of confusion under the traditional test, the relevant question is whether consumers are likely to be confused regarding the source, affiliation, connection, or sponsorship of goods or services. (*Johnny Blastoff, Inc. v. L.A. Rams Football Co.*, 188 F.3d 427, 436 (7th Cir. 1999)). Plaintiff must satisfy the following elements of the Seventh circuits test: (1) the similarity between the marks in appearance and suggestion, (2) the similarity of the products, 3) the area and manner of concurrent use of the products, (4) the degree of care likely to be exercised by consumers, (5) the strength of the plaintiff's marks, (6) any evidence of actual confusion, and (7) the defendant's intent to palm off its goods as those of the plaintiff's. *Promatek Indus.*, 300 F.3d at 812. This assessment is a question of fact and "none of these factors are dispositive and the proper weight to be given to each will vary in each case." *Id.; Uncommon, LLC v. Spigen, Inc.*, 926 F.3d 409, 425 (7th Cir. 2019); *Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423, 1427-28 (7th Cir. 1985)).

When assessing mark similarity under the first factor, a court may consider the similarity of the marks in terms of sound, sight, or meaning (*Henri's Food Prods. Co. v. Kraft, Inc.*, 717 F.2d 352, 355 (7th Cir. 1983); *Uncommon*, 305 F. Supp. 3d at 858). There are no similarities between Plaintiff's Trademarks and the mintiml marks. However, Plaintiff has not alleged the MINTIML mark has been infringed, but instead its own DRAFT TOP and DRINK TOPLESS Marks.

The similarity of the goods or services inquiry does not consider whether the goods or services are interchangeable but whether they are the kind that the public might attribute to a single source. *AutoZone, Inc. v. Strick*, 543 F.3d 923, 931(7th Cir. 2008). A defendant's goods may be closely related to the plaintiff's goods if consumers would reasonably think they are affiliated with, connected with, or sponsored by the plaintiff. *Sands, Taylor & Wood Co. v. Quaker Oats Co.*, 978

F.2d 947, 958 (7th Cir. 1992). Here, the products appear to be identical. Defendants do not contend Plaintiff's Trademark branded products are different from theirs in appearance. It is plausible that the identical nature of the goods would cause a consumer to believe that Plaintiff sponsored or permitted Defendants' use of Plaintiff's Trademarks and sell their branded products.

Next, when evaluating the manner of concurrent use, the relevant question is whether there is any relationship between how the parties use, promote, distribute, or sell their goods or services under their marks. This factor considers the following: channels of commerce; target consumers; and marketing procedures. *Sorensen v. WD-40 Co.*, 792 F.3d 712, 730 (7th Cir. 2015). Here, both the Plaintiff and Defendants sell their products through online marketplaces and target consumers looking for beverage-related hand-tools. *See,* Dkt. 5-161 at ¶¶ 7, 11. In addition, Plaintiff has engaged in continuous and broad marketing to advertise its Trademark branded products.

As to the fourth factor the degree of care, this Court must stand in the shoes of an ordinary buyer of the good or service buying under normal market conditions. *Unity Health Plans Ins. Co. v. Iowa Health Sys.*, 995 F. Supp. 2d 874, 890 (W.D. Wis. 2014). The standard here is the ordinary purchaser buying specialized barware. In addition, the Seventh Circuit has held that "(t)he more widely accessible and inexpensive the products and services, the more likely that consumers will exercise a lesser degree of care and discrimination in their purchases." *CAE, Inc. v. Clean Air Eng'g, Inc.*, 267 F.3d 660, 683 (7th Cir., 2001) Both Plaintiff's goods and Defendants' are inexpensive and widely available. There is no reason for a consumer to use a higher degree of care when purchasing Plaintiff's genuine products rather than Defendants' knock-offs.

The overall strength of a mark under the fifth factor assesses whether the owner has used or advertised the mark extensively and the extent of third-party use of similar marks. *CAE*, 267 F.3d at 684-85; *see also, KJ Korea, Inc. v. Health Korea, Inc.,* 66 F. Supp. 3d 1005, 1016 (N.D. Ill. 2014). "A mark's strength ordinarily corresponds to its economic and marketing strength."

*Sorensen*, 792 F.3d at 731. As stated above, Plaintiff has engaged in extensive advertising and marketing efforts. Dkt. 5-6 at ¶ 7. Similarly, Plaintiff has maintained exclusive control of its marks in the market and engages in routine investigations to ensure the maintenance of its exclusive use.

For the sixth factor, "a plaintiff need not prove . . . actual confusion or misunderstanding," 815 ILCS 510/2 (emphasis added) to show a likelihood of confusion or misunderstanding. At the pleading stage, before any discovery has occurred, it is sufficient to allege consumer confusion exists. *See,* Dkt. 5-6 at ¶¶ 22, 30. *And see, Vulcan Golf,* 552 F.Supp.2d at 769.

Lastly, as to the seventh "palming off" factor, when the accused goods are merely counterfeit versions of Plaintiff's, this factor primarily looks to whether "the defendants are attempting to 'pass off' their products as having come from the plaintiff." *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 644 (7th Cir. 2001). Defendants have made use of Plaintiff's Trademarks in their marketing and sale of infringing goods. *See,* Dkt. 5-6 at ¶ 20 Therefore, Defendants have misrepresented their goods.

### c. Plaintiff has adequately pled facts to support False Designation of Origin

To state a False Designation of Origin claim, a plaintiff must plead the same elements required for any Lanham Act claim. *See KJ Korea,* 66 F. Supp. 3d at 1012; *see also Manley v. Boat/U.S., Inc.,* 75 F. Supp. 3d 848, 853 (N.D. Ill. 2014); *Monster Energy Co. v. Zheng Peng*, 2017 WL 4772769, at *3 (N.D. Ill. Oct. 23, 2017) (citations omitted). Defendants contest the validity of the false designation of origin claim by arguing that there is no risk of consumers confusing Plaintiff' as the producer of "mintiml branded products." *See,* Dkt. 110. As discussed above, this argument is based on Defendant's use of Plaintiff's registered trademarks. Defendants' assertion fails for the following reasons:

First, Plaintiff has made sufficient allegations to state a false designation of origin claim based on Defendant's use of Plaintiff's Trademarks. *See,* Dkt. 5-6 at ¶¶ 20, 30. Defendant argues

8

that reverse passing off may not be validly raised. However, under the Lanham Act, Reverse passing off claims are cognizable. *Hoopla Sports & Entertainment, Inc. v. Nike, Inc.*, 947 F. Supp. 347, 351 (N.D. Ill. 1996); *Gannett Satellite Info. Network, Inc. v. Rock Valley Community Press, Inc.*, 1994 WL 606171, at *3 (N.D. Ill. Oct. 24, 1994); *See also Web Printing Controls Co., Inc. v. Oxy-Dry Corp.*, 906 F.2d 1202, 1203 (7th Cir. 1990). Defendants' use of Plaintiff's Trademarks as alleged in the Amended Complaint supports the finding of reverse passing off. That Defendants also make use of the MINTIML™ mark is irrelevant to whether Plaintiff has adequately pled a cause of action. Defendant's use of Plaintiff's images, despite applying the MINTIML mark to those images in addition to Plaintiff's marks is sufficient to support a conclusion that Defendants' clear intent is to sow confusion in the marketplace.

Defendants argue that their use of Plaintiff's copyright protected images is not sufficient to support a false designation of origin claim because the Defendants sell mintiml branded products. In *Dastar*, the court held that origin of a good is defined as the "producer of the tangible product sold in the marketplace." *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 31 (2003). To find reverse passing off, this Court must conclude that there is a misrepresentation of the defendant's goods as those of another. *Id.* Plaintiff has alleged that Defendants make use of counterfeit versions of Plaintiff's marks to mispresent the origin of the goods. *See,* Dkt. 5-6 at ¶¶ 20, 30. Despite the Defendants' use of the mintiml mark, the use of the Plaintiff's Trademarks in their marketing, in addition to use of Plaintiff's protected works, supports the claim of reverse passing off.

*Dastar* applies to cases where the primary and exclusive misrepresentation of origin arises out of a Defendant's unauthorized use of a Plaintiff's copyright-protected works. *Phoenix Entm't Partners v. Rumsey*, 829 F.3d 817 (7th Cir. 2016) (The court held that any consumer confusion resulting from pub's playing unauthorized digital copies of producer's karaoke tracks did not

9

involve passing off tangible goods sold in the marketplace.) As previously stated, the use of Plaintiff's images is not the only action giving rise to misrepresentation in this case. Here, Defendants place the mintiml mark on counterfeit products identical to Plaintiff's products. Defendants do not contend with the similarities. Although Defendants intend to pass off the goods as their own, use of the Plaintiff's Trademarks on the product packaging and in their promotional video bolsters the assertion that Defendant offers counterfeit products and mispresents their origin. Defendants' use of Plaintiff's protected works supports the existence of misrepresentation. For the aforementioned reasons, this Court should deny the motion to dismiss.

Second, even if Plaintiff argues that Defendants' use of Plaintiff's protected works give rise to a Section 43(a) claim, the misrepresentation as to the creator of the works satisfies the elements of the claim. Additionally, the use of Plaintiff's marks aids in that misrepresentation. Although the Court ruled that the copyright act preempted such claims, the holding of *Dastar* concerned Defendant's use of works in the public domain. *Dastar Corp*, 539 U.S. at 28; see also *Attia v. Soc'y of the N.Y. Hosp.*, 201 F.3d 50, 59-60 (2d Cir. 1999) (the court stated that there cannot be a Section 43(a) claim for passing off a plaintiff's uncopyrightable idea as that of defendant). Here, the works used by the Defendants were not in the public domain. Instead, the works are validly registered and owned by Plaintiff, and used by both Plaintiff and Defendants to market their wares.

The misrepresentation giving rise to claim under 43(a) is the false representation as to who is the creator of the works. *Levine v. Landy*, 832 F. Supp. 2d 176, 191-92 (N.D.N.Y. 2011) (The court determined that defendant's inaccurate representation that they had taken some of the photographs was sufficient to allege false designation of origin because of the false representation as to who was the creator of the works.) Similarly, the Defendant here is not suggesting that the infringement is of an uncopyrightable idea or works that are in the public domain, and the

10

defendant inaccurately represents the subject photographs as taken by the defendant by affixing the mintiml mark to them in addition to Plaintiff's Trademarks.

This Court has previously applied the Second Circuit's test, "defendants cannot be held liable for reverse passing off without evidence of an affirmative act of misrepresentation." *Lacour v. Time Warner, Inc.*, 2000 WL 688946, at *5 (N.D. Ill. May 24, 2000). Here, Defendant has not only used Plaintiff's protected works but used Plaintiff's Trademarks in their marketing materials using those works. Defendants use of the Plaintiff's mark "incorporate[s] an extra element that changes the nature of the action so that it is qualitatively different from a copyright infringement claim," *Cyber Websmith, Inc. v. Am. Dental Ass'n*, 2010 WL 3075726, at *2 (N.D. Ill. Aug. 4, 2010) (quoting *Kluber Skahan & Assocs. v. Cordogan, Clark & Assoc.*, 2009 WL 466812, at *10 (N.D. Ill. Feb. 25, 2009)). Plaintiff's allegations satisfy the elements of Trademark infringement. Therefore, the elements of false designation of origin have also been met. For this reason and the ones stated above, the Plaintiff has sufficiently alleged a claim for false designation of origin.

### d. Plaintiff has provided sufficient factual content to state a claim under the Illinois Uniform Deceptive Trade Practices Act

To state an Illinois Uniform Deceptive Trade Practices Act claim, a plaintiff must establish the same elements required for a Lanham Act claim. The plaintiff must show "(1) that it has a protectable trademark; and (2) that Defendants' use of the trademark is likely to cause confusion among consumers." *Entm't One UK Ltd.*, 384 F. Supp. 3d at 948; *see also Specht v. Google, Inc.*, 660 F. Supp. 2d 858, 866 (N.D. Ill. 2009) ("Illinois courts resolve [Illinois Uniform Deceptive Trade Practices Act] claims arising out of an alleged infringement of a mark under the same standard as the Lanham Act."); *See IPOX Schuster, LLC v. Nikko Asset Mgmt. Co.*, 304 F. Supp. 3d 746, 759 (N.D. Ill. 2018) ("The Court applies the same analysis for the Lanham Act and common law claims."); *Spex, Inc. v. Joy of Spex, Inc.*, 847 F. Supp. 567, 579 (N.D. Ill. 1994) ("Claims for unfair competition and deceptive business practices brought under Illinois statutes

are to be resolved according to the principles set forth under the Lanham Act."). Therefore, because Plaintiffs have established a likelihood of confusion as to Trademark infringement, so too have they satisfied the second element of infringement.

### III. Plaintiff sufficiently pled all elements of Civil Conspiracy

Under Illinois law, "[t]he elements of a civil conspiracy claim are: (1) a combination of two or more persons; (2) for the purpose of accomplishing by some concerted action either an unlawful purpose or a lawful purpose by unlawful means; (3) in the furtherance of which one of the conspirators committed an overt tortious or unlawful act." *Inteliquent, Inc. v. Free Conferencing Corp.*, 2020 WL 7027583, at *20 (N.D. Ill. Nov. 30, 2020). To be liable as a conspirator, a person "must be a voluntary participant in a common venture, although [they] need not have agreed on the details of the conspiratorial scheme or even know who the other conspirators are." *Wayne v. Kirk*, 2015 WL 5950900, at *3 (N.D. Ill. Oct. 13, 2015). It is enough if they "understand the general objectives of the conspiratorial scheme, accept them, and agree, either explicitly or implicitly, to do [their] part to further" them. *Adcock v. Brakegate, Ltd.*, 164 Ill. 2d 54, 63 (1994). Critically, because conspiracies are often carried out clandestinely and direct evidence is rarely available, plaintiffs can use circumstantial evidence to establish a conspiracy, but such evidence cannot be speculative." *Linkepic Inc. v. Vyasil, LLC*, 370 F. Supp. 3d 906, 927 (N.D. Ill. 2019).

Plaintiff has pled facts sufficient to meet satisfy the first element of the test above. On information and belief, these Defendants' e-commerce stores may be run by a single individual. This belief is supported by these Defendants' inclusion of the "mintiml mark" in the unauthorized images used on their platforms and Defendants' reference to the counterfeit products as "mintiml products." Dkt. 110.

The purpose of the Defendants concerted effort to use Plaintiff's copyrighted works and trademarks was to infringe and or violate the Plaintiff's rights. Plaintiff has alleged each named

Defendant has used Plaintiff's Registered Trademarks and Copyrighted works to market their goods. These actions sufficiently demonstrate Defendants' concerted efforts to unlawfully use Plaintiff's protected works and trademarks in furtherance of their unlawful conduct.

For the same reasons discussed above, Plaintiff has sufficiently alleged a claim for conspiracy to commit trademark infringement and counterfeiting, false designation of origin, Illinois Deceptive Trade Practices Act, and copyright infringement.

## CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that this Court deny Defendants' Motion to Dismiss for failure to state a claim.

Dated: April 8, 2022

Respectfully submitted,

/s/ James E. Judge

Zareefa B. Flener (IL Bar No. 6281397)
James E. Judge (IL Bar No. 6243206)
Flener IP Law, LLC
77 W. Washington St., Suite 800
Chicago IL 60602
(312) 724-8874
jjudge@fleneriplaw.com